FILED

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

NOV 05 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MICHAEL TAYLOR DESIGNS, INC., | No. 11-16052 |
| Plaintiff - Appellee, | D.C. No. 3:10-cv-02432-RS |
| v. | |
| TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Richard Seeborg, District Judge, Presiding

Argued and Submitted October 15, 2012
San Francisco, California

Before: B. FLETCHER,[**] HAWKINS, and MURGUIA, Circuit Judges.

This is a civil dispute governed by California law regarding an insurer's duty

to defend.   The district court entered summary judgment for Michael Taylor

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Betty Binns Fletcher, Senior Circuit Judge for the Ninth Circuit Court of Appeals, fully participated in the case and concurred in the judgment prior to her death.

Designs, Inc. ("Taylor"), holding that Travelers Property Casualty Company of America ("Travelers") breached its contractual duty to defend Taylor against accusations of trade libel, which is a false statement disparaging the quality of another's goods. *Michael Taylor Designs, Inc. v. Travelers Prop. Cas. Co. of Am.*, 761 F. Supp. 2d 904, 912 (N.D. Cal. 2011). We have jurisdiction over Travelers's appeal pursuant to 28 U.S.C. § 1291 and review *de novo* the district court's entry of summary judgment for Taylor. *Arakaki v. Hawaii*, 314 F.3d 1091, 1094 (9th Cir. 2002). We now affirm.

Ivy Rosequist filed a complaint against Taylor in March 2008 seeking relief for trade dress infringement. Travelers declined to defend Taylor in the Rosequist action because Rosequist's complaint did not specifically state a claim for trade libel. Rosequist's successor-in-interest later amended the complaint to expressly state a cause of action for trade libel in addition to trade dress infringement. Travelers stepped in to defend Taylor against these amended allegations, and the Rosequist action eventually settled in early 2010. In June 2010, Taylor filed the present diversity action against Travelers, alleging Travelers breached its duty to defend Taylor against Rosequist's original complaint in March 2008. Taylor argued Rosequist's original complaint, in addition to expressly alleging trade dress infringement, implied an action for trade libel.

2

An insurer must defend its insured if it is even "conceivable," based on the factual allegations in a third-party's complaint, that the third-party could state a claim covered by the insured's policy. *See Montrose Chem. Corp. of Cal. v. Super. Ct.*, 861 P.2d 1153, 1160 (Cal. 1993) (citation omitted); *see also Travelers Prop. Cas. Co. of Am. v. Charlotte Russe Holding, Inc.*, 144 Cal. Rptr. 3d 12, 21 (Cal. Ct. App. 2012) (stating an insurer must defend its insured even where a complaint does not allege facts sufficient to succeed *on the merits* because merely implicating a cause of action covered by an insurance policy triggers the duty to defend) (citations omitted). Here, Rosequist's original complaint alleged Taylor's showroom salesmen made statements to Taylor's customers that falsely implied Rosequist's high-end wicker chairs were of poor quality, and this allegation made it conceivable that Rosequist could state a claim for trade libel. *See, e.g.*, *Charlotte Russe,* 144 Cal. Rptr. 3d at 20-22 (holding a complaint alleging the insured made statements that could give the false impression that the plaintiff's goods were of inferior quality triggered an insurer's duty to defend its insured against allegations of trade libel). Moreover, in a close case, "any" doubt as to whether an insurer has a duty to defend must be resolved in the insured's favor. *Horace Mann Ins. Co. v. Barbara B.*, 846 P.2d 792, 796 (Cal. 1993).

**AFFIRMED.**

3