**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

SEP 04 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| AGRAKEY SOLUTIONS, LLC, and JOHN REITSMA, | No. 12-35269 |
| Plaintiffs - Appellants, | D.C. No. 1:10-cv-00570-EJL-REB |
| v. | MEMORANDUM[*] |
| MID-CONTINENT CASUALTY COMPANY, | |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Idaho
Edward J. Lodge, District Judge, Presiding

Argued and Submitted August 28, 2013
Seattle, Washington

Before: HAWKINS, McKEOWN, and CLIFTON, Circuit Judges.

AgraKey Solutions, LLC and John Reitsma (collectively, "AgraKey") appeal

the district court's grant of summary judgment to Mid-Continent Casualty Company

("Mid-Continent") on AgraKey's claim that Mid-Continent breached its contractual

---

[*] This disposition is not appropriate for publication and is not precedent except
as provided by Ninth Circuit Rule 36-3.

duty to defend AgraKey. We review the entry of summary judgment de novo, applying Idaho law and, in the absence of a governing decision from the Idaho Supreme Court, "using intermediate appellate court decisions, decisions from other jurisdictions, statutes, treatises, and restatements as guidance." *Trishan Air, Inc. v. Fed. Ins. Co.*, 635 F.3d 422, 426–27 (9th Cir. 2011). We affirm.

Mid-Continent had no duty to defend AgraKey against allegations made by BioMagic, Inc. ("BioMagic") in an underlying arbitration action, because those allegations did not "reveal[] a potential for liability that would be covered by [AgraKey's insurance] policy." *Idaho Cntys. Risk Mgmt. Program Underwriters v. Northland Ins. Cos.*, 205 P.3d 1220, 1224 (Idaho 2009) (quoting *Hoyle v. Utica Mut. Ins. Co.*, 48 P.3d 1256, 1264 (Idaho 2002)) (internal quotation marks omitted).

Specifically, the arbitration action revealed no potential for liability falling within the policy's coverage for "disparagement" because BioMagic did not allege that AgraKey made any "[o]ral, written, or electronic publication of material that . . .

disparage[d] [BioMagic's] goods, products or services," even impliedly,[1] as required by the policy.

The arbitration action likewise revealed no potential for liability for "the use of another's advertising idea in your advertisement," because AgraKey was not alleged to have used any other entity's *advertising* idea in its advertisement. Perhaps more importantly, considering BioMagic's allegations in context, it is clear that any reference to AgraKey's advertising activities was made to expose AgraKey's alleged unlicensed use of BioMagic's product, not to claim damage caused by those activities themselves. *See Constr. Mgmt. Sys., Inc. v. Assurance Co. of Am.*, 23 P.3d 142, 145 (Idaho 2001); *see also Microtec Research, Inc. v. Nationwide Mut. Ins. Co.*, 40 F.3d 968, 971 (9th Cir. 1994).

Because BioMagic made no claims that would even potentially be covered by AgraKey's insurance policy, the arbitration action did not trigger Mid-Continent's duty to defend.

**AFFIRMED.**

---

[1] BioMagic did not claim, for example, that AgraKey made any publication regarding the quality of BioMagic's products, *cf. Michael Taylor Designs, Inc. v. Travelers Prop. Cas. Co. of Am.*, 495 F. App'x 830, 831 (9th Cir. 2012); *Travelers Prop. Cas. Co. of Am. v. Charlotte Russe Holding, Inc.*, 207 Cal. App. 4th 969, 972–73 (Ct. App. 2012), nor that AgraKey claimed *exclusive* ownership of a BioMagic product, *cf. Burgett, Inc. v. Am. Zurich Ins. Co.*, 830 F. Supp. 2d 953, 963–64 (E.D. Cal. 2011); *E.piphany, Inc. v. St. Paul Fire & Marine Ins. Co.*, 590 F. Supp. 2d 1244, 1253 (N.D. Cal. 2008); *Liberty Mut. Ins. Co. v. OSI Indus., Inc.*, 831 N.E.2d 192, 199 (Ind. Ct. App. 2005).

3