[No. A053738. First Dist., Div. Two. Nov. 30, 1992.]

ELMER W. NEWBY et al., Plaintiffs and Respondents, v.
TRUEMAN VROMAN, Defendant and Appellant.

284

**COUNSEL**

Harland & Gromala and Geri Anne Johnson for Defendant and Appellant.

Mathews & Kluck and Francis B. Mathews for Plaintiffs and Respondents.

## OPINION

**PETERSON, J.\***—Appellant Trueman Vroman appeals from an adverse civil judgment, claiming the trial court improperly awarded prejudgment interest to respondents Elmer and Vincent Newby. We disagree and affirm.

### I. FACTUAL AND PROCEDURAL BACKGROUND

This is the second time we have dealt with this case on appeal, so only a short statement of facts is necessary.

In August 1981, a construction crane owned by respondents was damaged in an accident. NCI, Incorporated, a contracting firm, was hired to repair the damages. NCI, in turn, hired appellant, a civil engineer, to determine what work was necessary to repair the crane. In January 1982, while repairs were underway, the crane's lifting capacity was tested. During the test, the crane collapsed and was damaged a second time.

Shortly thereafter, respondents filed a complaint against appellant, NCI, and others for the damages they sustained as a result of the second accident; that complaint alleged defendants' negligence as the proximate cause of respondents' damages, and the matter was tried in the Humboldt County Superior Court in March 1988. During the course of trial, NCI settled with respondents, agreeing to pay them the sum of $30,000. Appellant stipulated that the settlement was in good faith pursuant to Code of Civil Procedure section 877.6. Subsequently, the court issued a decision in favor of respondents, and granted them judgment of $43,440. Respondents then filed a motion asking that prejudgment interest be included in the judgment. The court consented, and a judgment was entered which included both prejudgment interest and damages.

Appellant then filed his first appeal. He argued, inter alia, that the award of prejudgment interest had to be reversed because the memorandum asking the court to include interest in the judgment had never been served upon him, and he lacked notice of any proceedings to award the same. This court agreed; and in an unpublished opinion, we reversed the award of prejudgment interest on due process grounds,[1] and remanded to the superior court, where respondents again moved for an award of prejudgment interest after

---

\*Presiding Justice of the Court of Appeal, First District, Division Five, sitting under assignment by the Chairperson of the Judicial Council.

[1] In our unpublished opinion in the first appeal in this case (*Newby* v. *Vroman* (Mar. 13, 1990) A043363), we noted that the only pleading discussing prejudgment interest was never served on appellant prior to the order therefor, and that respondents never claimed service of any notice of the demand for prejudgment interest on appellant.

proper notice to appellant. Again the court made an order awarding prejudgment interest to respondents in the amount of $28,507.50.

After judgment was entered, appellant filed this timely appeal.

## II. DISCUSSION

Appellant challenges the award of prejudgment interest on several grounds. He first claims interest should not have been included in the judgment because respondents did not seek it in their complaint. We may reject this argument summarily. ■ It has long been settled that, in a contested action, prejudgment interest may be awarded even though the complaint contains no prayer for interest. (*Sanders* v. *City of Los Angeles* (1970) 3 Cal.3d 252, 263 [90 Cal.Rptr. 169, 475 P.2d 201].)

Next, appellant maintains the award of prejudgment interest must be reversed because he never had the opportunity to address the issue prior to the close of trial. Although the basis for this argument is somewhat unclear, appellant is apparently referring to the fact that respondents did not raise the issue of interest until after the court had issued its memorandum of decision. A similar argument was addressed in *Segura* v. *McBride* (1992) 5 Cal.App.4th 1028 [7 Cal.Rptr.2d 436], a recent case from this district. There, the defendant claimed the plaintiff had waived the right to prejudgment interest because he did not specifically request that element of damages during trial. The *Segura* court rejected the defendant's argument because the plaintiff's complaint included a prayer seeking " 'such other and further relief' " as might be proper. This prayer was sufficient, the court concluded, for the trial court to award prejudgment interest if it deemed it appropriate to do so. (*Id.* at p. 1041.) An identical situation is present here. The court had the authority to award prejudgment interest.

Appellant next claims an award of prejudgment interest was improper because respondents' damages were not readily ascertainable. He points to several cases which hold that prejudgment interest is only appropriate if a plaintiff's damages are either known or knowable. (See, e.g., *Levy-Zentner Co.* v. *Southern Pac. Transportation Co.* (1977) 74 Cal.App.3d 762, 800-801 [142 Cal.Rptr. 1]; *Polster, Inc.* v. *Swing* (1985) 164 Cal.App.3d 427, 434-435 [210 Cal.Rptr. 567]; *Sagadin* v. *Ripper* (1985) 175 Cal.App.3d 1141, 1176 [221 Cal.Rptr. 675].) However, the issue in each of these cases was whether prejudgment interest could be awarded under Civil Code section 3287 (section 3287). By contrast, the court in this case based its decision on Civil

Code section 3288 (section 3288).[2] The authorities appellant cites are inapposite.[3]

■ Appellant further maintains that an award of prejudgment interest was improper because the trial court based its damage award on testimony which estimated the cost to repair the crane as of the time of trial in 1988, while the crane was damaged in 1982. Appellant claims that an award of prejudgment interest on a damage award based on 1988 repair costs would constitute double recovery. On the record before us, we cannot agree. Appellant seems to assume that the costs of repair in 1982 would have been less than in 1988, presumably because of inflation. However, as a reviewing court, we cannot make such an assumption. (See 9 Witkin, Cal. Procedure (3d ed. 1985) Appeal, § 268, pp. 276-277.) We do not know whether it would have cost less to repair the crane in 1982 than in 1988, and we have no way of knowing the rate of inflation in Humboldt County during that time period. In the absence of evidence to the contrary, we must assume that the cost of repair in those two time periods was similar and that respondents will not be overly compensated on this basis.

Finally, appellant challenges the amount of prejudgment interest included in the judgment. Here, the court deducted the $30,000 paid by NCI in settlement from the $43,440 respondents had been awarded, leaving a net damage award of $13,440. However, the court calculated the total prejudgment interest to which respondents were entitled based upon the entire judgment of $43,440, allowed respondents all such interest from the dates of their losses to the date NCI paid $30,000 in settlement, and restricted respondents' prejudgment interest entitlement after that date to the judgment balance after its reduction by the NCI settlement ($13,440). Appellant claims that this procedure was improper and that the court should have calculated prejudgment interest only on the amount of judgment after NCI's settlement was deducted, i.e., on the sum of $13,440.

Appellant apparently raises an issue of first impression: How should prejudgment interest under section 3288 be calculated and imposed when,

---

[2]Section 3287, subdivision (a) provides, in pertinent part, "Every person who is entitled to recover damages certain, or capable of being made certain by calculation, and the right to recover which is vested in him upon a particular day, is entitled also to recover interest thereon from that day, except during such time as the debtor is prevented by law, or by the act of the creditor from paying the debt. . . ."

Section 3288 states, "In an action for the breach of an obligation not arising from contract, and in every case of oppression, fraud, or malice, interest may be given, in the discretion of the jury."

[3]Appellant claims the court awarded interest under the authority of section 3287. This is incorrect.

prior to judgment against a nonsettling tortfeasor, a joint tortfeasor settles with plaintiff in good faith, thereby mandatorily reducing pro tanto the amount of that judgment? (See Code Civ. Proc., § 877 (fn. 5, *post*); Code Civ. Proc., § 877.6; BAJI No. 14.64.[4])

██  We will hold: (1) The prejudgment interest due plaintiff when a court applies section 3288 is first computed on the judgment without deduction or offset for amounts paid by a settling joint tortfeasor; and (2) a plaintiff, who in good faith settles with a joint tortfeasor before judgment against a nonsettling joint tortfeasor, may thereafter recover from the nonsettling defendants: (a) prejudgment interest up to the date of settlement on the *total* judgment; and (b) prejudgment interest after the date of settlement only on the *balance* of the total judgment remaining after its reduction by the settlement sum paid.

The applicable statute, Code of Civil Procedure section 877 (section 877),[5] provides scant guidance. It states only that amounts paid by one tortfeasor in settlement "shall reduce the claims against the others in the amount stipulated by the release, dismissal or the covenant, or in the amount of the consideration paid for it whichever is the greater." (*Ibid.*)

Appellant argues that prejudgment interest should only be calculated on the amount of the judgment, after first deducting the settlement amount paid by a joint tortfeasor to preclude plaintiff's overcompensation—i.e., that respondents' settlement with NCI waived all respondents' claims and rights as to that defendant in consideration of payment of $30,000; and that these claims implicitly included those for prejudgment interest allocable to the pro tanto settlement contribution of NCI.

Finally, appellant urges that prejudgment interest should accordingly be calculated, as to appellant, only on the balance of the total judgment remaining after its reduction by such settlement sum; and that respondents

---

[4]BAJI No. 14.64 states, "In this case the plaintiff has made a settlement with _____. The amount of the settlement has been disclosed to the court but not to you. [¶] If you should find that the plaintiff is entitled to recover against the defendant _____, then you shall award damages to the plaintiff for the same amount you would have awarded as if no such settlement had been made. [¶] In such event the court will later deduct the amount of this settlement from the amount of your award and your verdict will be reduced accordingly."

[5]Section 877 provides in part, "Where a release, dismissal with or without prejudice, or a covenant not to sue or not to enforce judgment is given in good faith before verdict or judgment to one or more of a number of tortfeasors claimed to be liable for the same tort . . . , it shall have the following effect: [¶] (a) It shall not discharge any other such party from liability unless its terms so provide, but it shall reduce the claims against the others in the amount stipulated by the release, dismissal or the covenant, or in the amount of the consideration paid for it whichever is the greater."

otherwise acquire an impermissible double compensation by first accepting, on an approved good faith settlement, money for all their claims against NCI which includes prejudgment interest allocable to NCI's $30,000 settlement contribution which reduced the judgment pro tanto, and then collecting the prejudgment interest it absolved NCI from paying. (See 6 Witkin, Summary Cal. Law (9th ed. 1988) Torts, § 1322, pp. 779-780.)

An issue similar to that presented here arises where a plaintiff in an antitrust suit sues multiple defendants for treble damages, settles with one, and then prevails at trial against the remaining defendants. In such cases, the court must decide whether the amount paid in settlement should be credited before or after damages are trebled. Without exception, the courts have held that settlement payments should be deducted after trebling so that the plaintiffs can receive full satisfaction of their claim. (E.g., *Burlington Industries* v. *Milliken & Co.* (4th Cir. 1982) 690 F.2d 380, 391-395; *Hydrolevel Corp.* v. *Am. Soc. of Mech. Engineers* (2d Cir. 1980) 635 F.2d 118, 130; *Flintkote Company* v. *Lysfjord* (9th Cir. 1957) 246 F.2d 368, 398.)

Similar considerations lead us to conclude that interest should be calculated on the amount of the judgment before amounts paid by other tortfeasors are deducted. First, it is the policy of this state to maximize a plaintiff's recovery to the extent the negligence or fault of others has contributed to it. (*Franck* v. *Polaris E-Z Go Div. of Textron, Inc.* (1984) 157 Cal.App.3d 1107, 1116-1117 [204 Cal.Rptr. 321].) If amounts paid by a settling tortfeasor are deducted from the final judgment against nonsettling defendants, and prejudgment interest is calculated and paid only on the balance of that final judgment after such deduction, plaintiffs simply would not be fully compensated for their loss.

The prejudgment interest contemplated by section 3288 is interest awarded as *damages*. (*Lineman* v. *Schmid* (1948) 32 Cal.2d 204, 208-209 [195 P.2d 408, 4 A.L.R.2d 1380]; *Schmidt* v. *Nunan* (1883) 63 Cal. 371, 374.) Here, the court ruled that respondents were entitled to damages of $43,440; with certain exceptions not pertinent to our discussion, those damages commenced accruing the day the crane collapsed during its repair. It is commonly recognized that prejudgment interest represents the accretion of wealth that particular property could have produced during a period of loss. (*Greater Westchester Homeowners Assn.* v. *City of Los Angeles* (1979) 26 Cal.3d 86, 102-103 [160 Cal.Rptr. 733, 603 P.2d 1329].) In sum, where prejudgment interest is awarded under section 3288 in order to compensate respondents fully for their loss, that interest must first be calculated on the entire judgment (i.e., before the settlement is deducted) from the date of the tortious act proximately causing their damages.

The resolution of disputes through settlement is to be encouraged. (*Franck v. Polaris E-Z Go Div. of Textron, Inc., supra,* 157 Cal.App.3d at pp. 1117-1119.) If prejudgment interest against a nonsettling joint tortfeasor is calculated only on the balance of the judgment after settlements paid by others are deducted, plaintiffs would be discouraged from settling with one of multiple defendants because they would be unable to be fully compensated for their loss. These considerations further support our conclusion that prejudgment interest should initially be calculated on the amount of the judgment before the settlements of other tortfeasors are deducted therefrom.

Having reached this conclusion, we turn to the issue of the application of section 3288 when a joint tortfeasor has settled with plaintiff pursuant to section 877 prior to judgment. While under section 3288 a plaintiff is entitled to receive prejudgment interest on the full amount of the judgment, that interest must be awarded against the nonsettling defendants on the full amount of judgment *only* up to the date when the settling tortfeasor makes payment to plaintiff, who then has that money to use or invest. Thereafter, the plaintiff is entitled to further prejudgment interest from the nonsettling defendants only on the remaining principal balance of the judgment after its reduction by such settlement amount. Were the rule otherwise, plaintiffs would clearly be doubly compensated by first receiving the use and benefit of a partial settlement sum, and thereafter obtaining the additional compensation of continuing prejudgment interest thereon from a nonsettling defendant.

In this case, the court ruled that respondents were entitled to prejudgment interest on the various components which made up their judgment of $43,440, from the date of each individual loss to the date when NCI paid $30,000. Thereafter, the court held respondents were only entitled to prejudgment interest on the balance of their damages, $13,440, up to the time of the judgment. The court's ruling was correct.

III. Disposition

The judgment is affirmed.

Kline, P. J., and Smith, J., concurred.