[No. A074676. First Dist., Div. Two. July 23, 1998.]

NORTH OAKLAND MEDICAL CLINIC et al., Plaintiffs and Appellants,
v.
JAMES M. ROGERS et al., Defendants and Respondents.

---

**COUNSEL**

Edward Ardzrooni for Plaintiffs and Appellants.

Rodney A. Marraccini for Defendants and Respondents.

---

**OPINION**

**KLINE, P. J.—**

### INTRODUCTION

Plaintiffs North Oakland Medical Clinic and Bruce E. Thompson, M.D., appeal from an order after judgment denying plaintiffs prejudgment interest on a damage award following a jury trial. The trial court set aside its previous order awarding plaintiffs $39,025.43 prejudgment interest and denied plaintiffs interest on the grounds that plaintiffs had failed to move for an award of prejudgment interest in the trial court. Plaintiffs contend the trial court erred in denying them interest, arguing that no particular procedure is required to request interest and that they in fact requested an award of prejudgment interest in their complaint and following judgment when they presented the court the order awarding interest.

### STATEMENT OF THE CASE/FACTS

Defendants and respondents, Attorney James M. Rogers and the Law Offices of James M. Rogers (collectively Rogers), orally contracted with plaintiffs for plaintiffs to provide medical care and services to some of Rogers's personal injury clients. Rogers agreed to pay the cost of such medical services, at plaintiffs' standard rates, as billed, regardless of the amount of money recovered by those clients/patients on their personal injury claims.

Rogers failed to pay certain sums when due. On August 19, 1992, plaintiffs filed a complaint in the Alameda County Superior Court alleging various causes of action founded on the failure of Rogers to pay for the agreed upon services.

On November 21, 1994, the trial court granted partial summary judgment, eliminating all causes of action of plaintiffs' complaint except for the second cause of action for breach of an oral contract. The case proceeded to trial on that cause of action.

On September 20, 1995, the jury returned its a special verdict in favor of plaintiffs, awarding plaintiffs damages of $75,928.01 for defendants' breach of the oral contract. The special verdict indicated the jury had arrived at that sum after set-offs for "those patients that were paid after May of 1992, less those patients that were paid in full with letter attached, exhibits B1-B44 and K1-K15." (None of the exhibits were included in the record on appeal.) No interest was included in the jury verdict and none had been requested in the special verdict form.

Plaintiffs filed their memorandum of costs on October 5, 1995. They did not request interest therein. Judgment was entered on the jury verdict on October 11, 1995, and notice of entry of judgment was served on that date. On October 20, 1995, plaintiffs moved for a new trial on the issue of accord and satisfaction, arguing the insufficiency of the evidence of accord and satisfaction and that the jury's reduction of the damage award on that basis should be overturned.

On November 1, 1995, Rogers moved to tax costs. On November 13, 1995, plaintiffs filed their opposition to the motion. On November 15, 1995, following a hearing, the trial court denied plaintiffs' new trial motion.

On November 30, 1995, the court heard and then denied Rogers's motion to tax costs. No request for prejudgment interest was raised during this hearing.

On January 3, 1996, plaintiffs presented an order to the court awarding costs of $9,235.99 and ordering "that interest at the rate of 10 percent per annum from August 19, 1990 accrue on said judgment in the total amount of $39,025.43, calculated as follows: . . ." (There followed a calculation based upon the dates of Rogers's breaches.)

On February 1, 1996, Rogers moved to set aside the order awarding prejudgment interest. A hearing was held on Rogers's motion, at which time

plaintiffs' counsel asserted that he had orally requested interest during the November 30, 1995, hearing on Rogers's motion to tax costs. The court ordered a transcript of that hearing prepared. The transcript of that hearing did not reflect any reference to interest.

On April 9, 1996, the trial court entered its order setting aside its previous order awarding prejudgment interest and denying plaintiffs prejudgment interest on the grounds that they were precluded from recovering interest on the debt because they had failed to previously move for or request such interest.

This timely appeal followed.

DISCUSSION

Civil Code section 3287[1] provides for the recovery of prejudgment interest on damages. "The purpose of prejudgment interest is to compensate plaintiff for loss of use of his or her property. [Citation.]" (*Segura* v. *McBride* (1992) 5 Cal.App.4th 1028, 1041 [7 Cal.Rptr.2d 436].)

Section 3287, subdivision (a), addresses the award of interest on liquidated claims. One who is "entitled to recover damages certain, or capable of being made certain by calculation . . . is entitled also to recover interest thereon" from the time the right to recover arises. (*Ibid*.).)[2]

Under section 3287, subdivision (a) the court has no discretion, but must award prejudgment interest upon request, from the first day there exists both a breach and a liquidated claim. (See Wegner et al., Cal. Practice Guide: Civil Trials and Evidence (The Rutter Group 1997) ¶¶ 17:185, 17:189, pp. 17-40.23, 17-40.24 (hereafter Wegner, Civil Trials).)

Section 3287, subdivision (b), addresses the award of interest on unliquidated contract claims: "Every person who is entitled under any judgment to receive damages based upon a cause of action in contract where the claim was unliquidated, may also recover interest thereon from a date prior to the entry of judgment as the court may, in its discretion, fix, but in no event earlier than the date the action was filed."

---

[1]Statutory references are to the Civil Code unless otherwise indicated.

[2]Section 3287, subdivision (a), provides: "Every person who is entitled to recover damages certain, or capable of being made certain by calculation, and the right to recover which is vested in him upon a particular day, is entitled also to recover interest thereon from that day, except during such time as the debtor is prevented by law, or by the act of the creditor from paying the debt. This section is applicable to recovery of damages and interest from any such debtor, including the state or any county, city, city and county, municipal corporation, public district, public agency, or any political subdivision of the state."

Under section 3287, subdivision (b) the court has discretion to decide whether prejudgment interest should be awarded on an unliquidated contractual claim. It is up to the judge to determine the date from which interest runs, but in no event may the court fix a date earlier than the filing of the action. (*George* v. *Double-D Foods, Inc.* (1984) 155 Cal.App.3d 36, 47-48 [201 Cal.Rptr. 870]; Wegner, Civil Trials, *supra*, ¶ 17:189, p. 17-40.24.)

The parties agree that there is no authority mandating any particular procedure for securing an award of prejudgment interest. However, certain general principles apply:

That a party is entitled to prejudgment interest does not make an award automatic (except in the case of postjudgment interest). A request for interest must be made in the trial court; it cannot be made for the first time on appeal. (Wegner, Civil Trials, *supra*, ¶ 17:194, p. 17-40.26; *Peoples Finance etc. Co.* v. *Mike-Ron Corp.* (1965) 236 Cal.App.2d 897, 904 [46 Cal.Rptr. 497].)

A general prayer in the complaint is adequate to support an award of prejudgment interest. "No specific request for interest need be included in the complaint; a prayer seeking 'such other and further relief as may be proper' is sufficient for the court to invoke its power to award prejudgment interest. [Citations.]" (Wegner, Civil Trials, *supra*, ¶ 17:194.1, p. 17.40.26; *Segura* v. *McBride, supra,* 5 Cal.App.4th 1028, 1041; *Newby* v. *Vroman* (1992) 11 Cal.App.4th 283, 286 [14 Cal.Rptr.2d 44].) ■ Consequently, plaintiffs' allegation that it had "lost interest on those funds not paid by [defendants]" contained in attachment BC-4 to the complaint and referenced in its second cause of action is sufficient to support an award of prejudgment interest.

■ The trial judge, not the jury, determines a prejudgment interest award on unliquidated damages. (*George* v. *Double-D Foods, Inc., supra,* 155 Cal.App.3d at p. 47; Wegner, Civil Trials, *supra*, ¶ 17:189, p. 17-40.24.)

■ The issue here is not whether plaintiffs' complaint adequately invoked the court's power to award prejudgment interest, should plaintiffs prove entitled to interest. Rather, the question we address is whether plaintiffs timely requested the court to exercise its power to determine whether plaintiffs were entitled to interest under section 3287 in circumstances where damages had been awarded but no interest was included in the verdict and where neither court nor jury had determined whether the damages were liquidated or unliquidated. Our answer is no.

The parties acknowledge that no statute or rule of court establishes a procedure for requesting an award of prejudgment interest, or a time limit

therefor, in the superior court. Nevertheless, Rogers argues that plaintiffs' request was untimely because it was not contained in plaintiffs' cost bill or in a motion to augment costs (see *Mendez* v. *Kurten* (1985) 170 Cal.App.3d 481, 484 [215 Cal.Rptr. 924]); nor was it within time limits for a motion for new trial (Code Civ. Proc., § 659), motion for judgment notwithstanding verdict (*Id.*, § 629), or motion to vacate the judgment. (*Id.*, §§ 663, 663a.)

The parties take it as settled that the request for interest may *follow* entry of judgment. (Cf. *Mendez* v. *Kurten, supra,* 170 Cal.App.3d 481, 484 [motion to augment costs]; Wegner, Civil Trials, *supra,* ¶ 17:195, p. 17-40.26.) We disagree with this blanket assertion. The single case cited for the proposition that a request for interest may *follow* entry of judgment is *Mendez* v. *Kurten, supra,* 170 Cal.App.3d 481, in which plaintiffs moved to augment a cost bill to include interest under section 3291.[3]

It is well established that prejudgment interest is not a cost, but an element of damages. (*Lineman* v. *Schmid* (1948) 32 Cal.2d 204, 208-209 [195 P.2d 408, 4 A.L.R.2d 1380]; *Harris* v. *Northwestern National Ins. Co.* (1992) 6 Cal.App.4th 1061, 1067 [8 Cal.Rptr.2d 234]; *Lawrence Tractor Co.* v. *Carlisle Ins. Co.* (1988) 202 Cal.App.3d 949, 955 [249 Cal.Rptr. 150].)[4] This distinction persuades us that the cost bill is *not* an appropriate vehicle for requesting interest under section 3287. In our view, prejudgment interest should be awarded in the judgment on the basis of a specific request therefor made *before* entry of judgment. This view is buttressed by California Rules of Court, rule 875, which provides: "The clerk shall include in the judgment any interest awarded by the court and the interest accrued since the entry of the verdict." (Cal. Rules of Court, rule 875.)

It further appears that, at the latest, a request for prejudgment interest under section 3287 may be sought as part of a motion for new trial pursuant to Code of Civil Procedure section 657, on the grounds of "[e]xcessive or inadequate damages." (Code Civ. Proc., § 657, subd. 5.)

While the time frame we prescribe may be thought arbitrary, it provides the essential elements of certainty and finality now missing from the law.

---

[3] That section provides that in a personal injury damage action where a defendant has rejected a plaintiff's Code of Civil Procedure section 998 settlement offer within certain time limits, and the plaintiff later obtains a judgment exceeding the offer, "the judgment shall bear interest at the legal rate of 10 percent per annum calculated from the date of the plaintiff's first offer pursuant to Section 998 of the Code of Civil Procedure which is exceeded by the judgment, and interest shall accrue until the satisfaction of judgment." (§ 3291.)

[4] There is an inherent distinction between an award of interest and an award of costs. "If allowable, interest is an element of damages provided by statute. (Civ. Code, §§ 3287-3291; *Lineman* v. *Schmid* (1948) 32 Cal.2d 204, 208-209 . . . .)" (*Lawrence Tractor Co.* v. *Carlisle Ins. Co., supra,* 202 Cal.App.3d 949, 955.)

Pending the promulgation of a rule by the Judicial Council, which we think appropriate, requests for prejudgment interest under section 3287 by a successful plaintiff must be made by way of motion prior to entry of judgment, or the request must be made in the form of a motion for new trial no later than the time allowed for filing such a motion. (Code Civ. Proc., § 659.)

■ "A time-honored rule of jurisprudence is that judicial decisions operate retroactively while new statutes operate prospectively. [Citations.] However, as it applies to judicial decisions, that rule is a general one. Exceptions may be made where the retroactive effect of a decision would be unfair or violate public policy. [Citations.]" (*McCarthy* v. *Martinson* (1996) 51 Cal.App.4th 632, 635-636 [59 Cal.Rptr.2d 149]; see, e.g., *Citizens for Covenant Compliance* v. *Anderson* (1995) 12 Cal.4th 345, 367 [47 Cal.Rptr.2d 898, 906 P.2d 1314]; 9 Witkin, Cal. Procedure (4th ed. 1997) Appeal, § 978, pp. 1029-1030, *id.* (1998 supp.) p. 70.)

■ Because no statute, rule of court, or case authority has heretofore established a particular procedure or time frame for requesting prejudgment interest after the jury returns a verdict for the plaintiff and because the existing state of the law indicated the request might follow entry of judgment, in other circumstances we might conclude it unfair to penalize plaintiffs for failing to make their request in accordance with the procedure we adopt in this case. However, under the circumstances here, we are convinced the uncertain state of the law concerning the appropriate timing and procedure for requesting prejudgment interest did not contribute significantly to plaintiffs' lapse and warrant retroactive application of the rule we adopt.

After the verdict in their favor, plaintiffs did not move for an award of interest before entry of judgment. Nor did they seek an award of prejudgment interest at any of the post judgment proceedings which followed. They never sought interest in their request for an award of costs. Rather, at virtually the last minute, plaintiffs inserted an interest award in the order awarding costs which they presented to the court, in clear violation of Rogers's due process right to notice and an opportunity for hearing. (See *Mullane* v. *Central Hanover Bank & Trust Co.* (1950) 339 U.S. 306 [70 S.Ct. 652, 94 L.Ed. 865]; *St. Paul Fire & Marine Ins. Co.* v. *Superior Court* (1984) 156 Cal.App.3d 82, 85 [202 Cal.Rptr. 571]; cf. *Newby* v. *Vroman, supra,* 11 Cal.App.4th 283, 285.) Although this due process defect was cured by the subsequent action by the court in reconsidering its ruling following briefing and hearing on the matter, we may consider this egregious conduct together with the extreme lateness of plaintiffs' request for interest as warranting denial of prejudgment interest.

## DISPOSITION

The order of April 9, 1996, is affirmed. Respondents are awarded their costs on appeal.

Haerle, J., and Ruvolo, J., concurred.