Filed 9/23/15  In re Marriage of Wilson and Smith CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| In re the Marriage of KAREN WILSON and JEFFREY ANTON SMITH. | |
| KAREN WILSON,<br><br>    Appellant,<br><br>v.<br><br>JEFFREY ANTON SMITH,<br><br>    Respondent. | A144190<br><br>(San Mateo County<br>Super. Ct. No. F362391) |

In a postjudgment dissolution proceeding, Karen Wilson (Wife) brought an action to recover unpaid spousal and child support. Wife entered a settlement agreement with Jeffrey Anton Smith (Husband) in which Husband paid Wife $90,000 and placed an additional $40,000 in trust for Wife's educational expenses, payable in installments of $20,000 each for years 2011 and 2012. The parties agreed the trust money would be refunded to Husband if not timely used. In early 2012, Husband sought enforcement of the settlement agreement and a refund of the 2011 installment that had not been used in the time allotted. In November 2012, the family court issued an order enforcing the settlement agreement and ordering the requested refund of $20,000. We affirmed that order. (*In re Marriage of Wilson & Smith* (Sept. 30, 2013, A137560) [nonpub. opn.].) Upon issuance of the remittitur in December 2013, Husband was paid the disputed funds and the interest earned on the funds.

1

In a subsequent proceeding, Husband claimed the right to additional interest, specifically, prejudgment breach of contract interest at a rate of 10 percent per annum from January 1, 2012, when the 2011 installment refund was due, through January 1, 2014, when the money was paid. The family court agreed Husband was entitled to prejudgment interest and entered an order awarding Husband $3,947.32. (Civ. Code, § 3289, subd. (b).) Wife appeals. Husband, citing the small amount of money at issue, has chosen not to file a respondent's brief. We shall strike the award as without legal basis.

**Statement of Facts**

We begin with a summarization of those facts set out in our prior opinion that are relevant to the issues presented on this appeal. (*In re Marriage of Wilson & Smith* (Sept. 30, 2013, A137560) [nonpub. opn.].)

The parties separated in 1991 after almost nine years of marriage. A judgment of dissolution of marriage was filed in July 1992. The judgment incorporated a marital settlement agreement that provided child support for the parties' two children as well as spousal support for Wife. Husband failed to make all required payments. In 2010, Wife sought to collect unpaid support and served Husband with notice to appear for a judgment debtor examination. (Code Civ. Proc., § 708.110.)

The parties settled the debt issue in May 2010, in advance of the scheduled examination. The settlement agreement provided for a cash payment of $90,000 to Wife and an additional $40,000 "educational benefit" fund administered by a trustee. The $40,000 fund was payable to Wife in two installments of $20,000 each for years 2011 and 2012. The agreement provided, with limited exceptions inapplicable here: "It is the intention of the parties that if the $20,000 earmarked for each calendar year of education is not completely used by [Wife] for her educational expenses, then any remaining amounts are to be refunded to [Husband]."

Husband sent a $40,000 check to Wife's attorneys at the time, the Law Offices of David G. Finkelstein, to act as trustee. The firm deposited the money in the firm's attorney-client trust account in November 2010. A disagreement arose over administration of the trust funds. The Finkelstein firm refused to disperse any funds until

2

the parties signed an agreement for administering the funds and arranged to pay the costs of administration. In May 2011, the Finkelstein firm filed an interpleader complaint naming Wife and Husband as defendants and depositing into court the disputed $40,000. The firm asked the court to adjudicate the competing claims of Husband and Wife to the money.

The interpleader action was pending in February 2012 when Husband filed a motion in the dissolution action demanding enforcement of the settlement agreement and return of half the trust funds deposited with the Finkelstein firm, representing the 2011 installment. Wife filed a motion to revoke the settlement. In April 2012, the parties stipulated to dismissal of the interpleader action and judgment was entered on the stipulation. In August 2012, Wife's current attorney, Constance Phipps, became the trustee of the disputed $40,000, to be held under the terms of the settlement agreement being litigated in family court.

The family court conducted an evidentiary hearing over the course of four days. In November 2012, the court issued an order resolving multiple issues. Among other rulings, the court denied Wife's motion to revoke the settlement agreement, granted Husband's motion for refund of $20,000 of the trust money designated for use in 2011 that was not used (the first installment), and granted Wife the opportunity to use the trust money designated for use in 2012 (the second installment). Wife filed a timely notice of appeal in January 2013. During pendency of the appeal, Attorney Phipps held the disputed first installment funds in an interest bearing savings account and the second installment funds in a checking account for Wife's educational expenses.

In March 2013, shortly after the appeal was filed, Husband asked the family law court to compel compliance with its order and direct immediate payment of the first installment of trust funds. Husband argued that an appeal does not stay the collection of any money judgment without a bond and no bond had been posted. Wife opposed the motion, noting that the money was not in her possession or control but held in trust, where it was secure for collection. Wife's attorney was in possession of the money and argued, "as trustee, I can't legally turn over any funds [to Husband] . . . until I know what

3

the Court of Appeal is going to say." Attorney Phipps offered to place the money in the court's custody but maintained that the money was best kept in the trust savings account "where it is drawing interest." The court held that Husband's entitlement to the first installment of trust funds was under appellate review and continued Husband's motion to compel payment until resolution of the appeal.

In September 2013, we issued our opinion affirming the family court order. The remittitur issued on December 24, 2013. Days later, around January 1, 2014, Wife's attorney sent a check to Husband for $20,052.67 representing the $20,000 first installment trust money plus $52.67 of accrued interest.

In this same time period, Husband asked for an accounting of the second installment trust money and a refund of any funds not properly expended for educational purposes in 2012. Husband also demanded a legal rate of interest on the first installment trust money recently refunded to him. Husband claimed the right to prejudgment interest as damages for breach of contract calculated at a rate of 10 percent per annum from January 1, 2012 to January 1, 2014. Husband asserted his right to interest began on January 1, 2012, when unspent educational funds for 2011 were due to be refunded and ran through January 1, 2014, when the funds were paid to him. The family court agreed Husband was entitled to prejudgment interest as claimed and entered an order awarding Husband "$4,000 less the accrued bank interest previously paid in the sum of $52.68, for a total of $3,947.32."[1] The court also ordered a partial refund of the second installment of trust funds and assessed trustee's fees. Wife filed a timely notice of appeal. She challenges only the prejudgment interest award.

### Discussion

The family court awarded prejudgment interest under Civil Code section 3289, which provides in part: "(a) Any legal rate of interest stipulated by a contract remains chargeable after a breach thereof, as before, until the contract is superseded by a verdict or other new obligation. [¶] (b) If a contract entered into after January 1, 1986, does not

---

[1] The amount of previously paid interest was actually $52.67, not $52.68.

4

stipulate a legal rate of interest, the obligation shall bear interest at a rate of 10 percent per annum after a breach." Apparently the court found the parties' settlement agreement for support arrears to be a contract that Wife breached by not refunding to Husband the unspent first installment of trust funds designated for educational use in 2011.

The award of prejudgment interest must be vacated as untimely and beyond the jurisdiction of the court. Prejudgment interest is "an element of damages" that must be requested in the trial court before entry of judgment or, at the latest, on a motion for new trial. (*North Oakland Medical Clinic v. Rogers* (1998) 65 Cal.App.4th 824, 829-830.) The relevant judgment, or final order, here is the November 2012 order granting Husband a refund of the first installment of trust funds, which we affirmed in September 2013. (*In re Marriage of Wilson & Smith* (Sept. 30, 2013, A137560) [nonpub. opn.].) Husband made no request for prejudgment interest on the first installment until December 2013, after all matters concerning that installment of trust funds had been resolved. Husband's claim for a refund of the second installment of trust funds and other matters remained for trial court consideration but damages relating to the first installment had been fully and finally litigated and were not a proper subject of trial court action.

Wife raises other concerns with the prejudgment interest award, not least of which is the fact that she never had possession of the disputed funds. The funds were in the custody of the court for over a year and, at all other times, held by trustees appointed with Husband's consent. Accrual of interest is generally suspended during any period of time the alleged debtor is prevented by law from paying the debt (Civ. Code, § 3287, subd. (a)) and Wife maintains that she, lacking possession and the right of control, cannot be held responsible for the failure to refund the first installment of trust funds. Having found the award untimely, we need not address this and Wife's other arguments for vacating the award.

### Disposition

The order is modified to strike the award of prejudgment interest in the sum of $3,947.32 and, as modified, is affirmed. The parties shall bear their own attorney fees and costs incurred on appeal.

_____
Pollak, Acting P.J.

We concur:


_____
Siggins, J.


_____
Jenkins, J.


A144190

6