[No. B228189. Second Dist., Div. Three. Apr. 19, 2012.]

TENZERA, INC., et al., Plaintiffs, Cross-defendants and Appellants, v. MICHAEL OSTERMAN et al., Defendants, Cross-complainants and Appellants.

**[CERTIFIED FOR PARTIAL PUBLICATION\*]**

---

*Pursuant to California Rules of Court, rules 8.1100 and 8.1110, this opinion is certified for partial publication. The portions of this opinion to be deleted from publication are those portions enclosed within double brackets [[ ]].

18

COUNSEL

Haight Brown & Bonesteel, Kenneth G. Anderson and Michael Parme for Plaintiffs, Cross-defendants and Appellants.

Law Office of Nancy Tompkins, Kerr & Wagstaffe and Nancy L. Tompkins for Defendants, Cross-complainants and Appellants.

OPINION

ALDRICH, J.—In a prior opinion (*Tenzera, Inc. v. Osterman* (Jan. 21, 2010, B211656) [nonpub. opn.] (*Tenzera I*)), we reversed the trial court's order vacating an arbitration award in favor of Michael and Lonnie Osterman (the Ostermans) against Tenzera, Inc. (the company). But, we affirmed the trial court's order vacating the award against Bruno and Ivan Tenzera (the Tenzeras) because the arbitrator exceeded his authority in joining them as parties to the binding arbitration. In *Tenzera I*, we stated the "parties are to pay their own costs on appeal." We did not decide whether the Ostermans were entitled to prejudgment interest. In the unpublished portion of this opinion, we hold that our disposition in *Tenzera I* did not preclude the Ostermans from seeking contractual attorney fees on appeal.

In what appears to be an issue of first impression in California, we must determine whether the Ostermans are entitled to prejudgment interest between the time the trial court vacated the arbitration award in their favor and our

reinstatement of the award in the previous appeal in this case. Stated another way, we must determine whether the trial court erred in suspending the accrual of prejudgment interest (Civ. Code, § 3287, subd. (a)) (hereafter section 3287).[1] We conclude that prejudgment interest accrued during the pendency of the appeal in *Tenzera I*, and no statutory exception applies. Thus, the trial court erred in suspending the accrual of interest during the previous appeal in this case. Accordingly, we reverse in part, affirm in part, and remand the matter to enable the trial court to consider the Ostermans' attorney fees request and to amend the judgment to recalculate prejudgment interest.

## BACKGROUND

The underlying dispute between the Ostermans and the company involves a contract to install tile, stone, and marble in the Ostermans' home. The service contract, entered into between the company and the Ostermans, has an attorney fees provision that states: "Should TENZERA, Inc. retain the services of any attorney in connection with performance by the acceptor of his obligations under this contract, whether or not suit is brought by TENZERA, Inc. to enforce the term of this contract, the acceptor shall pay reasonable attorney fees to TENZERA, Inc."

After filing suit, the company and the Ostermans stipulated to submit to " 'binding arbitration before a retired judge of the Superior Court in accordance with the provisions of California Code of Civil Procedure Sections 1280–1294.2.' " (*Tenzera I, supra*, B211656.) During the arbitration proceedings, the arbitrator permitted the Ostermans to add the Tenzeras as cross-defendants. (*Ibid.*)

The arbitrator awarded the Ostermans $426,047.72, and found the company and the Tenzeras jointly and severally liable. (*Tenzera I, supra*, B211656.) The arbitrator also concluded the Ostermans were the prevailing parties on the contract and awarded them $181,000 in attorney fees and costs recoverable from the company, but not from the Tenzeras because they were not parties to the contract. (*Ibid.*)

The Ostermans filed a petition to confirm the arbitration and attorney fees award (hereafter, arbitration award) pursuant to Code of Civil Procedure section 1285. The Ostermans also requested prejudgment interest from the

---

[1] Section 3287, subdivision (a) states in relevant part: "Every person who is entitled to recover damages certain, or capable of being made certain by calculation, and the right to recover which is vested in him upon a particular day, is entitled also to recover interest thereon from that day, except during such time as the debtor is prevented by law, or by the act of the creditor from paying the debt."

date of the final arbitration award. (*Tenzera I, supra*, B211656.) The Tenzeras sought to vacate the arbitration award because they did not voluntarily consent to arbitration. The company, along with the Tenzeras, also challenged the arbitrator's award of expert witness fees. (*Ibid.*) The trial court vacated the arbitration award as to all parties even though the company did not seek to vacate the award. (*Ibid.*) The Ostermans appealed.

In *Tenzera I*, we held the trial court erred in vacating the entire arbitration award, and should have modified the award to reflect that only the company was liable. (*Tenzera I, supra*, B211656.) This modification would have been consistent with the company's position because it did not seek to vacate the award and there did "not appear to be any reason not to confirm the award as to Tenzera, Inc., which was a party to the construction contract and the stipulation to arbitrate." (*Ibid.*) We did not address the company's challenge to the arbitrator's decision to award expert fees, or the Ostermans' request for prejudgment interest. (*Ibid.*) In *Tenzera I*, we did not award costs on appeal to either party. (*Ibid.*)

## CURRENT APPEAL

On remand in *Tenzera I*, the trial court considered motions for attorney fees incurred on appeal, and the Ostermans' motion for prejudgment interest.

The trial court denied the Ostermans' request for attorney fees, reasoning that attorney fees are an element of costs under Code of Civil Procedure section 1033.5, subdivision (a)(10), and our opinion in *Tenzera I* denied costs on appeal. Moreover, the trial court concluded the Ostermans were not the prevailing party on appeal pursuant to Code of Civil Procedure section 1032, subdivision (a)(4).

The trial court also denied the Tenzeras' request for attorney fees, reasoning the arbitrator's award stated they were not parties to the contract. Thus, the Tenzeras were not entitled to contractual attorney fees, and there was no other statutory basis to support an attorney fees award.

The trial court awarded the Ostermans prejudgment interest, but did not award the interest that would have accrued during the pendency of the appeal in *Tenzera I*.[2] The trial court invoked the statutory exception in section 3287 and reasoned that during the pendency of the appeal, the company was "prevented by law" from paying the arbitration award.

---

[2] The trial court awarded prejudgment interest from the date of the final arbitration award to the date of the order vacating the judgment, and from the date *Tenzera I* was final through July 20, 2010.

The trial court confirmed the arbitration award, entering judgment in favor of the Ostermans against the company. The Ostermans timely appealed, and the Tenzeras cross-appealed. About two weeks after the Ostermans filed their notice of appeal, the company satisfied the judgment.

## DISCUSSION

[[1., 2.]]*

· · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · ·

### 3.  *The Trial Court Erred in Calculating Prejudgment Interest*

####   a.  *Standard of Review*

We review the trial court's prejudgment interest award for legal error. (*Pierotti v. Torian* (2000) 81 Cal.App.4th 17, 27–28 [96 Cal.Rptr.2d 553].) As previously stated, section 3287 provides for the recovery of prejudgment interest except when the debtor is "prevented by law" from paying the debt.[5] Here, we must determine whether prejudgment interest accrued during the pendency of the appeal from the order vacating the arbitration award until our decision in *Tenzera I*. We also must determine if the trial court's vacatur order is the type that is covered under the statutory exception.

####   b.  *Prejudgment Interest Accrued on the Final Arbitration Award*

■ Section 3287 provides that a party may recover prejudgment interest on an amount awarded when the damages are certain, or capable of being made certain by calculation, and the right to recover those damages is vested. (*County of Solano v. Lionsgate Corp.* (2005) 126 Cal.App.4th 741, 753 [24 Cal.Rptr.3d 362].) If the statutory conditions are satisfied, the court must award prejudgment interest. (*Wisper Corp. v. California Commerce Bank* (1996) 49 Cal.App.4th 948, 958 [57 Cal.Rptr.2d 141].) The purpose of prejudgment interest is to compensate the prevailing party for the loss of money during the period before the judgment is entered. (*Ibid.*)

■ Section 3287 applies to arbitration awards. A prevailing party in arbitration is entitled to prejudgment interest as of the date of the final award to entry of judgment. (*Pierotti v. Torian, supra*, 81 Cal.App.4th at pp. 27–28; *Britz, Inc. v. Alfa-Laval Food & Dairy Co.* (1995) 34 Cal.App.4th 1085, 1106 [40 Cal.Rptr.2d 700].) "Although the interest [is] pre-'judicial judgment,' it

---

*See footnote, *ante*, page 16.

[5] See footnote 1, *ante*.

[is] post-'contractual judgment.' " (*Britz, Inc. v. Alfa-Laval Food & Dairy Co., supra,* at p. 1107.) Thus, ordinarily the Ostermans would be entitled to prejudgment interest from the date of the final arbitration award until the date the award is confirmed and judgment is entered.

■ The company contends that no prejudgment interest may be awarded during the period after the trial court vacated the arbitration award because during that period the arbitration award was "void," and not a fixed liability. The company's reliance on Code of Civil Procedure section 1287.6 to support this proposition is misplaced. The statute states an arbitration award that has not been confirmed or vacated has the same force and effect as a contract in writing between the parties. Relying on Code of Civil Procedure section 1287.6, *Britz, Inc. v. Alfa-Laval Food & Dairy Co., supra,* 34 Cal.App.4th at page 1107 concluded that because a final arbitration award is a contract between the parties, it is a fixed liability. We do not read *Britz* or the statute as stating that a vacated arbitration award is void until reinstated on appeal.

Throughout the appeal in *Tenzera I,* damages were certain and there was no dispute between the parties concerning the basis of computing those damages. (See *Olson v. Cory* (1983) 35 Cal.3d 390, 402 [197 Cal.Rptr. 843, 673 P.2d 720]; *Employers Mutual Casualty Co. v. Philadelphia Indemnity Ins. Co.* (2008) 169 Cal.App.4th 340, 354–355 [86 Cal.Rptr.3d 383].) We did not review the arbitrator's factual findings or legal conclusions that the company breached its service contract. (Code Civ. Proc., §§ 1285–1287.6; *Moncharsh v. Heily & Blase* (1992) 3 Cal.4th 1, 10–11 [10 Cal.Rptr.2d 183, 832 P.2d 899].) The issue before us was the vacatur order; the amount of damages due and owing to the Ostermans was always certain. After we concluded there was no basis to vacate the arbitration award against the company, we directed the trial court to confirm the arbitration award, not to arbitrate the case again. (*Tenzera I, supra,* B211656.) Rather than void, we view the vacated arbitration award as procedurally analogous to a judgment notwithstanding the verdict (JNOV). (Code Civ. Proc., § 629.) The vacatur order rendered the arbitration award unenforceable, but liability had been determined, review was limited, and on remand the trial court was directed to confirm the arbitration award. Thus, in this case, the Ostermans' right to damages was a fixed liability as of the date of the final arbitration award.

Since the section 3287 requirements were satisfied throughout the appeal in *Tenzera I,* we calculate prejudgment interest from the date of the final arbitration award through the newly entered judgment after the trial court confirmed the arbitration award on remand. Although damages were certain, no enforceable judgment had been entered. Unlike a jury verdict reinstated after the reversal of a JNOV, until an arbitration award is confirmed by the superior court, it has the same force and effect as a contract between the parties, not as a

judgment. (Code Civ. Proc., § 1287.6.) When judgment is entered after confirming the award, "[t]he judgment so entered has the same force and effect as, and is subject to all the provisions of law relating to, a judgment in a civil action . . . ." (Code Civ. Proc., § 1287.4; see *id.*, § 685.020, subd. (a).)

█ Calculating prejudgment interest through the pendency of the appeal in *Tenzera I* until judgment is entered also is consistent with the policy behind section 3287. The erroneous vacatur order deprived the Ostermans of those funds, and presumably the company enjoyed the beneficial use of those funds during the appeal. It is particularly equitable under the circumstances of this case because the company never challenged its liability or sought to vacate the arbitration award. Thus, the trial court erred in suspending the accrual of prejudgment interest during the pendency of the appeal in *Tenzera I* and must recalculate prejudgment interest for that period.

### c. The "Prevented by Law" Exception in Section 3287 Does Not Apply

█ The company contends, however, that prejudgment interest on the final arbitration award could not accrue during the pendency of the appeal in *Tenzera I* because the trial court's order vacating the award prevented the company from paying the debt. As noted, the right to section 3287 interest is subject to an exception when the debtor is "prevented by law" from paying the debt. In addition to the trial court's order, the company characterizes the trial court's comment that the case must " 'be restored to the civil active list' " as " 'directing [the company] to hold the amount due . . . .' "

The "prevented by law" exception is rarely invoked. In *Bank of China v. Wells Fargo Bank & Union Trust Co.* (9th Cir. 1953) 209 F.2d 467, the exception applied when Wells Fargo deposited funds with the court after receiving conflicting demands from both the Communist Government of China and the Nationalist Government of China. (*Id.* at pp. 470–471.) Wells Fargo refused the demands, withheld the deposits, and deposited the funds with the district court. (*Id.* at p. 472.) When the district court ordered release of the funds to the Nationalist Government, the bank denied the request for interest. (*Ibid.*) The Ninth Circuit cited section 3287, and concluded that Wells Fargo could avoid liability for interest payments after it deposited the funds with the court. (*Bank of China v. Wells Fargo Bank & Union Trust Co.*, at p. 476.) Upon deposit with the court, the funds could not be withdrawn without a court order, preventing Wells Fargo from paying its obligation. The *Wells Fargo* court bolstered its conclusion by citing *Perkins v. Benguet Cons. Min. Co.* (1942) 55 Cal.App.2d 720, 769 [132 P.2d 70], as authority for the rule that "where the debtor has been prevented from making a payment by a valid order of a court, there is no liability for interest." (*Bank of China v. Wells Fargo Bank & Union Trust Co.*, at p. 476.)

*Perkins v. Benguet Cons. Min. Co., supra,* 55 Cal.App.2d 720, invoked the exception in which the "debtor is prevented . . . by the act of the creditor from paying the debt." (§ 3287, subd. (a).) In that case, husband and wife engaged in protracted litigation to determine the right to receive dividends on shares of Benguet Consolidated Mining Company stock. (*Perkins v. Benguet Cons. Min. Co.,* at p. 725.) After the wife prevailed in a New York action that created a conflict with the ruling in favor of the husband in the Philippines courts, her counsel instructed the mining company not to pay out any dividends. (*Id.* at p. 767.) Under these circumstances, prejudgment interest did not accrue because the mining company (debtor) was prevented from paying the debt by the acts of the wife (creditor). (*Ibid.*)

The *Perkins* court noted the statutory exceptions do not apply merely because there is a dispute as to liability. "It cannot be successfully urged that the mere existence of a dispute between [husband and wife], at least in the absence of an impounding of the dividends, would relieve the [losing party] of liability for interest." (*Perkins v. Benguet Cons. Min. Co., supra,* 55 Cal.App.2d at p. 766.)

In *Olson v. Cory, supra,* 35 Cal.3d 390, for example, the Supreme Court concluded the "prevented by law" exception did not apply because the only " 'law' " that prevented the state as debtor from paying the debts to the plaintiffs on which interest accrued was a dispute over the validity of a statute. (*Id.* at pp. 403–404.) The state controller countered that before a final judicial determination of the constitutionality of the statute, the state controller would be put in an "untenable position of having to foresee" the court's ruling. (*Id.* at p. 404.) The *Olson* court rejected this argument because the right to prejudgment interest was a separate inquiry from the controller's statutory duties. The state could have made the payments while the constitutionality of the statute was litigated to avoid additional liability for accumulation of statutory interest. (*Id.* at p. 405.) But, "[i]t does not necessarily follow that the [c]ontroller during that period could have been judicially compelled to make the payments . . . ." (*Ibid.*)

■ Applying California law, the Ninth Circuit adopted a similar rationale in rejecting the "prevented by law" exception. (*Adams v. Johns-Manville Corp.* (9th Cir. 1989) 876 F.2d 702, 710.) In *Adams,* the company challenged the district court's order to pay prejudgment interest on damages set forth in a settlement agreement because it had a court order that exempted it from paying the settlements. The court order merely refused to enforce the settlement agreements, it did not prevent payment of the debt. Since the parties disputed liability, not the computation of damages, the Ninth Circuit concluded the district court did not err in awarding prejudgment interest. (*Ibid.*)

Applying these authorities here, no court order, creditor, or law prevented the company from paying the arbitration award until we decided *Tenzera I*. The issue on appeal in *Tenzera I* was whether the company would have to pay the arbitration award, not the amount of damages due and owing to the Ostermans. While the liability issue was pending, the company could have paid the arbitration award to avoid additional liability for statutory prejudgment interest. We also do not view the trial court's remarks to restore this action to the civil active list as a court order of the type described in *Wells Fargo*, where the disputed funds could not be released without a court order. For these reasons, it was error to invoke the statutory exception.

## DISPOSITION

The trial court's order denying contractual attorney fees to the Ostermans based upon our disposition in *Tenzera I* is reversed and remanded to conduct further proceedings as stated in this opinion. The trial court's order denying Bruno and Ivan Tenzera attorney fees is affirmed. The trial court is directed, on proper motion, to award the Ostermans prejudgment interest as stated in this opinion. The Ostermans are entitled to costs on appeal.

Klein, P. J., and Croskey, J., concurred.