Filed 7/15/13  Town Square Properties v. Mansouri CA2/5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| TOWN SQUARE PROPERTIES et al., | B236871 |
| Plaintiffs and Respondents, | (Los Angeles County Super. Ct. No. BC427779) |
| v. | |
| JAVID MANSOURI et al., | |
| Defendants and Appellants. | |

APPEAL from the judgments of the Superior Court of Los Angeles County, Daniel Buckley, Judge.  Affirmed.

Geiger & Merritt, Edward H. Cummings and Maria A. Caligiuri for Defendants and Appellants.

Benedon & Serlin, Gerald M. Serlin and Douglas G. Benedon for Plaintiff and Respondent Town Square Properties.

Law Offices of David J. Harter, David J. Harter; and Christopher L. Tinen for Plaintiff and Respondent Siavash Adabkhah.

_____

Defendants and appellants Javid Mansouri and Los Alamitos Denn, Inc. (LADI), appeal from a judgment following a bench trial in favor of plaintiffs and respondents Town Square Properties (TSP) and Siavash Adabkhah. Mansouri and LADI also appeal from a postjudgment order awarding attorney fees in favor of TSP. TSP leased commercial property to individuals who assigned the lease to Adabkhah, who assigned the lease to Mansouri, who assigned the lease to investors who defaulted.

On appeal, Mansouri and LADI contend that as to the judgment in favor of TSP: 1) there is no substantial evidence that TSP incurred charges for common area maintenance (CAM) or provided evidence of CAM charges as required under the lease; 2) there is no substantial evidence that TSP incurred late charges; 3) there is no substantial evidence to support the amount of prejudgment interest, because damages were uncertain, settlement payments should have been taken into account, and prejudgment interest should have been awarded based on the amount of rent owed after deduction of settlement payments; 4) there was no substantial evidence that TSP met its duty to mitigate damages; 5) the trial court erred by denying their motions for a new trial and to vacate the judgment; 6) the trial court erroneously awarded mediation fees, attorney services, and parking as costs under Code of Civil Procedure section 1033.5, subdivision (c); 7) TSP did not prevail on a contract that included an attorney fee provision; 8) there was no substantial evidence that TSP incurred attorney fees; and 9) the amount of attorney fees awarded was excessive.

Mansouri further contends as to the judgment in favor of Adabkhah: 1) there is no substantial evidence to support finding Mansouri breached the assignment agreement; 2) there was no substantial evidence that Adabkhah's settlement payment to TSP was for rent that Mansouri owed, and therefore, there was no substantial evidence that Adabkhah was entitled to indemnity from Mansouri; 3) Mansouri was not liable for equitable indemnity; and 4) the trial court erred by denying Mansouri's motions for a new trial and to vacate the judgment based on excessive damages and sufficiency of the evidence.

We conclude that substantial evidence supports the trial court's findings, TSP prevailing on a contract that included an attorney fee provision, and the trial court did not

2

abuse its discretion in awarding costs or attorney fees.  Therefore, we affirm the judgment and the postjudgment orders.

## FACTS

TSP owns commercial property in Los Alamitos, California.  On March 25, 1991, TSP entered into a lease with Raginder Paul and Baijit Paul for a term of 20 years.  The Pauls operated a Denny's restaurant franchise at the location.  Two years later, the Pauls sold the restaurant and assigned the lease to Adabkhah and Mahmood Kazemzadeh.  The assignment was executed by the Pauls, Adabkhah, Kazemzadeh, and TSP.  Adabkhah and Kazemzadeh agreed to make all the payments and perform all of the terms of the lease.  TSP consented to the assignment, without waiving any rights under the lease as to any assignee.

On October 3, 2000, Adabkhah and Kazemzadeh sold the restaurant and assigned the lease to Mansouri.  Mansouri agreed to make all the payments and perform all the terms of the lease.  TSP consented to the assignment, without waiving any rights under the lease as to any assignee.

On June 8, 2006, Mansouri and LADI sold the restaurant and assigned the lease to Atta Ullah and Mohammed Shaikh.  Mansouri, Ullah, Shaikh, and TSP executed an assignment and assumption of the lease.  The document provided that notwithstanding the assignment, Mansouri remained primarily liable to TSP for performance of the tenant's obligations under the lease.  The assignment also provided for attorney fees as follows:  "In the event that any party hereto brings any action or files any proceedings in connection with the enforcement of its respective rights under this Assignment and Consent or as a consequence of any breach by the other party hereto of its obligations hereunder, the prevailing party in such action or proceeding shall be entitled to have all of its attorney fees and out-of-pocket expenditures paid by the losing party."  LADI received a note from A&A Global, Ullah, and Sheikh (collectively A&A Global) in the amount of $270,000, with interest at eight percent, payable in monthly installments of $3,275.86.

3

A&A Global entered into an agreement to sell the restaurant to W.K.S. Restaurant Corporation, contingent on W.K.S. negotiating a lease extension with TSP. W.K.S. operated the restaurant from March 9, 2007, to September 30, 2009. However, TSP and W.K.S. were unable to reach an agreement. W.K.S. vacated the premises and ceased paying rent.

In October 2009, TSP terminated the lease.

## PROCEDURAL BACKGROUND

On December 10, 2009, TSP filed a complaint against all of the lessees and assignees for breach of a commercial lease. On January 13, 2010, Adabkhah and Kazemzadeh filed a cross-complaint against Mansouri for indemnity. The following month, Adabkhah and Kazemzadeh filed an amended cross-complaint adding causes of action for breach of contract and third party beneficiary of contract.

TSP filed an amended complaint on April 8, 2010, adding causes of action for rent and damages under the Civil Code, open book account, account stated, and unjust enrichment. Adabkhah and Kazemzadeh filed a second amended cross-complaint as well.

On April 1, 2011, Adabkhah and Kazemzadeh entered into a settlement agreement and paid $50,000 to TSP. Kazemzadeh dismissed the cross-complaint as to himself only. Adabkhah dismissed the third party beneficiary causes of action from the cross-complaint against Mansouri. TSP settled with the remaining defendants prior to trial, except Mansouri and LADI.

A bench trial began on April 27, 2011. TSP sought $387,932.43 for rent payments, CAM charges, late charges, prejudgment interest, costs, and attorney fees. Adabkhah sought $25,000 that he had paid in settlement to TSP, plus attorney fees of $7,328.75.

On May 24, 2011, the trial court found TSP's decisions in rejecting lease and rent offers were reasonable under the circumstances, including the impact of the economy,

4

tenant improvements, future rent, and other items. The court noted that TSP's total claim was for $387,932.43. "As of September of 2009, with the $10,000 payment made in late September, the amount owed to [TSP] with [CAM] charges and late fees was $98,092.47. The Court deducts the $98,000 amount off the claim of [TSP]. [TSP] is entitled to $289,839.96. Absent any settlement[,] that would be the recovery for [TSP]. The Court believed based on a stipulation among the parties that no one disagree[s] that there has been a recovery of $97,500 through settlement. The Court takes the $97,500 off the [$289,839.96] and arrives at [$192,332.96] being the recovery for [TSP] in this action." Therefore, the amount of the judgment against Mansouri was $289,839.96. After applying the settlement proceeds, the amount of the judgment was reduced to $192,339.96, which the court awarded in favor of TSP against Mansouri.

The trial court also found in favor of Adabkhah on the cross-complaint and awarded $25,000 for the amount of the settlement. The court also found Adabkhah's attorney fees of $6,760 were reasonable and awarded a total amount of $31,760.

On August 1, 2011, TSP filed its attorney's declaration that TSP was entitled to prejudgment interest of $32,583.83 accrued from October 2009 through July 31, 2011. TSP did not take any settlement amounts into account. Mansouri and LADI filed an opposing declaration which divided the total settlement amount into 18 equal payments and applied it to the rent due that month, as if TSP had received a partial rent payment each month, before calculating the prejudgment interest on the remaining amount. Under this method of calculation, the amount of prejudgment interest would be $21,778.12.

The trial court entered judgment on August 11, 2011, awarding damages to TSP of $192,339.96 and prejudgment interest of $32,583.83. The court awarded damages to Adabkhah of $31,760 and prejudgment interest of $808.30.

On September 1, 2011, Mansouri and LADI filed motions for a new trial and to vacate the judgment. The trial court denied the motions. Mansouri and LADI filed a timely notice of appeal from the judgment.

5

TSP filed a motion for attorney fees of $167,407.55, which the trial court granted. Mansouri and LADI filed a timely notice of appeal from the order awarding attorney fees and costs. The appeals were consolidated.

## DISCUSSION

### I. Judgment for TSP

#### A. Substantial Evidence Issues

##### 1. Standard of Review

"We review the court's factual findings under the substantial evidence standard and independently review questions of law. (*Allegretti & Co. v. County of Imperial* (2006) 138 Cal.App.4th 1261, 1269.) [¶] Substantial evidence is evidence that a rational trier of fact could find to be reasonable, credible, and of solid value. Under the substantial evidence standard of review, we view the evidence in the light most favorable to the judgment and accept as true all evidence tending to support the judgment, including all facts that reasonably can be deduced from the evidence, and must affirm the judgment if an examination of the entire record viewed in this light discloses substantial evidence to support the judgment. [Citations.]" (*Mealy v. B-Mobile, Inc.* (2011) 195 Cal.App.4th 1218, 1222-1223.)

##### 2. CAM Charges

Mansouri and LADI contend there was no evidence that CAM charges were incurred or the amount of the actual charges. This is incorrect. TSP provided a tenant ledger at trial showing CAM charges of $2,376 per month. There was no evidence at trial

6

the CAM charges were not incurred or the amount of the CAM charges was less than claimed.  The evidence is sufficient to support the judgment.

### 3.  Late Charges

Mansouri and LADI contend there is no substantial evidence TSP incurred late charges after termination of the lease.  They assume the administrative and accounting costs associated with late payments would not be incurred after termination.  However, late charges were calculated based on the rent provisions of the agreement.  The unpaid rent was still owed after the termination of the lease, which would require additional administrative and accounting resources.  There was no evidence at trial that TSP did not incur late charges as provided for under the lease agreement.  The evidence is sufficient to support the award of late charges.

### 4.  Mitigation of Damages

Mansouri and LADI contend there is no substantial evidence to support the trial court's finding that TSP met its duty to mitigate damages.  We disagree.

The doctrine requiring mitigation of damages is summarized in *Green v. Smith* (1968) 261 Cal.App.2d 392, 396–397:  "A plaintiff cannot be compensated for damages which he could have avoided by reasonable effort or expenditure.  [Citations.] . . .  [¶] [However,] [t]he doctrine does not require the injured party to take measures which are unreasonable or impractical or which would involve expenditures disproportionate to the loss sought to be avoided or which may be beyond his financial means.  [Citations.] . . . The standard by which the reasonableness of the injured party's efforts is to be measured is not as high as the standard required in other areas of law.  [Citations.]  It is sufficient if he acts reasonably and with due diligence, in good faith.  [Citations.]"

In this case, the trial court's finding that TSP acted reasonably to mitigate its damages is supported by substantial evidence.  The lease proposals TSP received

contained extremely unfavorable terms that were under market rates and would have resulted in further losses. TSP's agent contacted clients who might be interested in an additional restaurant location and listed the property on several sites. TSP sought to market the property as a restaurant or as a medical office, based on the real estate market. TSP's expert testified there were no further actions TSP could have taken to successfully market the property. The defense expert agreed the broker had done a good job in marketing the property for these purposes. There is substantial evidence to support the trial court's finding on mitigation.

### B. Calculation of Prejudgment Interest

#### 1. Civil Code section 3287

Mansouri and LADI contend the trial court erred by awarding prejudgment interest under Civil Code section 3287, because damages were uncertain. Specifically, they argue, the CAM charges were uncertain. This is incorrect.

Civil Code section 3287, subdivision (a) provides for the payment of prejudgment interest to every person entitled to receive damages that are certain, or capable of being made certain by calculation, if the right to receive such damages vested on a particular day. "Under [Civil Code] section 3287, subdivision (a) the court has no discretion, but must award prejudgment interest upon request, from the first day there exists both a breach and a liquidated claim." (*North Oakland Medical Clinic v. Rogers* (1998) 65 Cal.App.4th 824, 828.) Civil Code section 3287 does not authorize prejudgment interest where the amount of damage, as opposed to the determination of liability, "'"depends upon a judicial determination based upon conflicting evidence and is not ascertainable from truthful data supplied by the claimant to his debtor." [Citations.]' [Citation.]" (*Wisper Corp. v. California Commerce Bank* (1996) 49 Cal.App.4th 948, 960 (*Wisper*).) The certainty addressed by Civil Code section 3287 is the certainty of the damages suffered by the plaintiff, not the certainty of a defendant's ultimate liability. "[A]

8

defendant's denial of liability does not make damages uncertain for purposes of Civil Code section 3287." (*Wisper, supra,* at p. 958.) "We review the trial court's prejudgment interest award for legal error. [Citation.]" (*Tenzera, Inc. v. Osterman* (2012) 205 Cal.App.4th 16, 21.)

The CAM charges were capable of being made certain by calculation. No conflicting evidence was presented at trial concerning CAM charges. The amount of damages was not uncertain as a result of the CAM charges.

## 2. Deduction of Settlement Amounts

Mansouri and LADI contend settlement payments should have been deducted in equal amounts from the rent charges due each month before prejudgment interest was calculated. Their calculation is clearly incorrect under the prevailing law and not supported by the evidence.

The parties agree this issue is controlled by *Newby v. Vroman* (1992) 11 Cal.App.4th 283 (*Newby*). The *Newby* court considered the proper application of settlement payments when calculating prejudgment interest under Civil Code section 3288. "[Prejudgment] interest should be calculated on the amount of the judgment before amounts paid by other tortfeasors are deducted." (*Newby, supra,* at p. 289.) The court noted that " it is the policy of this state to maximize a plaintiff's recovery to the extent the negligence or fault of others has contributed to it. [Citation.] If amounts paid by a settling tortfeasor are deducted from the final judgment against nonsettling defendants, and prejudgment interest is calculated and paid only on the balance of that final judgment after such deduction, plaintiffs simply would not be fully compensated for their loss." (*Ibid*.)

"Having reached this conclusion, we turn to the issue of the application of [Civil Code] section 3288 when a joint tortfeasor has settled with plaintiff pursuant to [Code of Civil Procedure] section 877 prior to judgment. While under [Civil Code] section 3288 a plaintiff is entitled to receive prejudgment interest on the full amount of the judgment,

9

that interest must be awarded against the nonsettling defendants on the full amount of judgment *only* up to the date when the settling tortfeasor makes payment to plaintiff, who then has that money to use or invest. Thereafter, the plaintiff is entitled to further prejudgment interest from the nonsettling defendants only on the remaining principal balance of the judgment after its reduction by such settlement amount. Were the rule otherwise, plaintiffs would clearly be doubly compensated by first receiving the use and benefit of a partial settlement sum, and thereafter obtaining the additional compensation of continuing prejudgment interest thereon from a nonsettling defendant." (*Newby*, *supra*, 11 Cal.App.4th at p. 290.)

Based on the law set forth in *Newby*, prejudgment interest should have been calculated on the total amount of damages from the date of the breach until the date of receipt of a settlement payment, then the amount of the payment should have been deducted from the damages accumulated to that date, and further prejudgment interest should have been calculated based on the amount of the damages as reduced by the settlement payment. The prejudgment interest calculation proposed by Mansouri and TSP was clearly incorrect, because their method applied the settlement payments to reduce damages and prejudgment interest prior to the date the settlement payments were received by TSP.

There is evidence TSP received settlement funds of $50,000 on April 1, 2011, which was a few weeks before the trial in this matter, but no evidence as to when any other settlement payments were made to TSP. Mansouri and LADI have provided insufficient evidence of the timing of the settlement payments to show that prejudgment interest should be calculated differently. We affirm the award of prejudgment interest.

## C. Denial of Motions for New Trial and To Vacate Judgment

Mansouri and LADI contend the trial court erred by denying their motions for a new trial and to vacate the judgment based on the contentions discussed above. Because

10

we affirm the trial court's rulings on those issues, we find no error in the denial of the motions for new trial and to vacate the judgment.

### D. Costs

#### 1. Applicable Law and Standard of Review

Code of Civil Procedure section 1032, subdivision (b) provides that "'[e]xcept as otherwise expressly provided by statute, a prevailing party is entitled as a matter of right to recover costs in any action or proceeding.'" "'If the items on a verified cost bill appear proper charges, they are prima facie evidence that the costs, expenses and services therein listed were necessarily incurred.' . . . [I]t is not enough for the losing party to attack submitted costs by arguing that he thinks the costs were not necessary or reasonable. Rather, the losing party has the burden to present evidence and prove that the claimed costs are not recoverable." (*Seever v. Copley Press, Inc.* (2006) 141 Cal.App.4th 1550, 1557.) Generally, we review an award of costs on appeal for an abuse of discretion. (*Ibid.*)

#### 2. Service of Process

Mansouri and LADI contend the trial court abused its discretion by awarding costs of $413.94 for service on all defendants, rather than simply Mansouri and LADI. However, a prevailing party can recover costs for service of process on parties other than the appellant when service on these parties was necessary for the action to have a collateral estoppel effect in any subsequent proceeding brought by those defendants. (*Republic Indem. Co. v. Schofield* (1996) 47 Cal.App.4th 220, 229.) It was reasonably necessary to serve all of the lessees and assignees in order to conduct the litigation in this case. The trial court did not abuse its discretion by determining the service costs were reasonably necessary.

11

### 3. Other Fees

Mansouri and LADI also contend the amount of $3,256 awarded for mediation fees, attorney service, and parking was also an abuse of discretion, because there was no evidence the costs were reasonably incurred or assisted in the trial. The trial court acted within its discretion in awarding these costs.

"[W]hen an unsuccessful mediation has been court-ordered, reasonably necessary expenses incident thereto may, in the sound discretion of the trial court, be awarded after trial to a prevailing party." (*Gibson v. Bobroff* (1996) 49 Cal.App.4th 1202, 1209 (*Gibson*).)

The trial court acted within its discretion in determining the mediation efforts in this case were reasonably necessary expenses, because "[e]ncouraging the parties to resolve lawsuits at the earliest time and before a costly and time-consuming trial, is a necessary part of litigation as conducted in this state." (*Gibson*, *supra*, 49 Cal.App.4th at p. 1209.)

### E. Attorney Fees

#### 1. Standard of Review

"A trial court's exercise of discretion concerning an award of attorney fees will not be reversed unless there is a manifest abuse of discretion. (*PLCM Group, Inc. v. Drexler* (2000) 22 Cal.4th 1084, 1095.) '"The 'experienced trial judge is the best judge of the value of professional services rendered in his court, and while his judgment is of course subject to review, it will not be disturbed unless the appellate court is convinced that it is clearly wrong[']—meaning that it abused its discretion. [Citations.]"' (*Ibid.*, citing *Serrano v. Priest* (1977) 20 Cal.3d 25, 49.)" (*Nichols v. City of Taft* (2007) 155 Cal.App.4th 1233, 1239.)

### 2. Basis for Attorney Fee Award

Mansouri and LADI contend that TSP's action was based on the lease, which did not contain an attorney fee provision applicable under the circumstances of this case, and therefore, TSP did not prevail on a contract that allowed for recovery of attorney fees. We agree with the trial court that in order to find Mansouri and LADI liable for breach of the lease, TSP had to additionally establish a breach of the assignment agreement, which contained the applicable attorney fee provision.

"In resolving a motion for attorney fees, the court should consider the pleaded theories of recovery, the theories asserted and the evidence produced at trial, if any, and also any additional evidence submitted on the motion in order to identify the legal basis of the prevailing party's recovery. [Citations.]" (*Boyd v. Oscar Fisher Co.* (1989) 210 Cal.App.3d 368, 377.)

The complaint's allegations of breach of the written lease included the general allegations that Mansouri entered into an assignment requiring him to make payments under the lease and Mansouri and LADI entered into another assignment which governed the transfer of those obligations. Mansouri and LADI were not parties to the original lease agreement. To hold them liable for failing to pay rent under the lease, TSP's theory necessarily required TSP establish breach of the assignment agreements as well. TSP had to show Mansouri and LADI were liable for the rent payments based on assignment of the lease obligations to them and that they remained liable despite the subsequent assignment to others. The June 8, 2006 assignment executed by TSP, Mansouri, and Mansouri's assignees expressly stated that Mansouri remained liable for the tenant's obligations under the lease agreement. The June 8, 2006 assignment contained an attorney fee provision that states: "In the event that any party hereto brings any action or files any proceedings in connection with the enforcement of its respective rights under this Assignment and Consent or as a consequence of any breach by the other party hereto of its obligations hereunder, the prevailing party in such action or proceeding shall be entitled to have all of its attorneys' fees and out-of-pocket expenditures paid by the losing

13

party." TSP brought the instant action as a consequence of the failure to pay rent as agreed under the assignment.

The trial court correctly found TSP's action on the written lease necessarily included enforcement of the assignment agreements. This is not a case in which the prevailing party sought attorney fees based on an unrelated contract with third parties. (Cf. *Hyduke's Valley Motors v. Lobel Financial Corp.* (2010) 189 Cal.App.4th 430, 435 [action for payment on the contract between wholesale dealer and retail dealer was not an action on the retail dealer's contracts with consumers to which wholesale dealer was not a signatory].)

### 3. Allegations of Complaint

Mansouri and LADI contend because TSP's complaint sought recovery of attorney fees based solely on the attorney fee provision of the lease agreement, TSP cannot recover under the attorney fee provision of the assignment. This is incorrect.

"It is now well-settled that attorney fees, whether authorized by contract or statute, are recoverable under [Code of Civil Procedure] section 1033.5, subdivision (a)(10) as an element of costs, and rather than claim attorney fees as an element of damages, the proper method to recover attorney fees is as an item of costs awarded upon noticed motion. [Citation.] Attorney fees based on a contract provision do not need to be demanded in the complaint." (*Chinn v. KMR Property Management* (2008) 166 Cal.App.4th 175, 194.)

The fact that TSP's complaint did not allege a right to attorney fees under the assignment agreement did not preclude TSP from filing a noticed motion for attorney fees based on the assignment provisions, because attorney fees based on a contract provision need not be demanded in the complaint.

14

## 4. Evidence of Attorney Fees

Mansouri and LADI contend there was no evidence TSP incurred attorney fees. We disagree.

"An attorney's testimony as to the number of hours worked is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. (*Martino v. Denevi* (1986) 182 Cal.App.3d 553, 559.)" (*Steiny & Co., Inc. v. Cal. Elec. Supply Co.* (2000) 79 Cal.App.4th 285, 293.)

In this case, TSP's attorney provided a declaration setting forth the time expended on the instant case and the fees incurred by TSP, including the date the work was performed, the attorney who performed the work, a description of the work, and the number of hours billed. The trial court exercised its discretion to award a reasonable amount based on the court's experience with similar matters. This was sufficient to support the attorney fee award.

## 5. Apportionment

Mansouri and LADI contend the trial court abused its discretion by failing to apportion fees for services related to other defendants. We find no abuse of discretion.

"The California Supreme Court has stated that, 'Attorney's fees need not be apportioned when incurred for representation on an issue common to both a cause of action in which fees are proper and one in which they are not allowed.' [Citations.] [¶] Further, 'Apportionment is not required when the claims for relief are so intertwined that it would be impracticable, if not impossible, to separate the attorney's time into compensable and noncompensable units.' (*Bell v. Vista Unified School Dist.* (2000) 82 Cal.App.4th 672, 687; see *Drouin v. Fleetwood Enterprises* (1985) 163 Cal.App.3d 486, 493 ['Attorneys fees need not be apportioned between distinct causes of action where plaintiff's various claims involve a common core of facts or are based on related legal

15

theories.']. )" (*Maxim Crane Works, L.P. v. Tilbury Constructors* (2012) 208 Cal.App.4th 286, 298.)

In this case, the causes of action arose from a common set of facts. TSP properly brought an action against all of the assignees. Mansouri and LADI received the benefits of the settlements negotiated with other defendants. The trial court correctly stated the applicable law concerning apportionment and did not abuse its discretion in determining that no apportionment should be made under the circumstances of this case.

### 6. Amount of Award

Mansouri and LADI also contend the amount of attorney fees awarded was excessive, and the trial court abused its discretion in not reducing the amount of fees. We find no abuse of discretion.

The trial court was aware of the standards that applied to the award of attorney fees. The court was in the best position to judge the value of the professional services provided to TSP and determine whether particular charges related to the action against Mansouri and LADI. The amount awarded of $167,407.55 for professional services through a bench trial, motions to vacate and for new trial, and other matters is not clearly excessive or an abuse of discretion.

## II. Judgment for Adabkhah

### A. Substantial Evidence

#### 1. Breach of Assignment

Mansouri contends there is no substantial evidence to support the finding that he breached the assignment agreement. This is incorrect.

16

Pursuant to the assignment executed by Adabkhah, Kazemzadeh, Mansouri, and TSP, Mansouri agreed to make all the payments and perform all the terms of the lease. Mansouri did not make all the payments and perform all the terms of the lease. Therefore, Mansouri breached the assignment agreement. Substantial evidence supports the trial court's finding.

Based on our conclusion that substantial evidence supports the trial court's finding as to Mansouri's breach of the agreement, we need not consider whether the judgment in favor of Adabkhah was also warranted by the doctrine of equitable indemnity. Mansouri contends for the first time in his reply brief that Adabkhah was not entitled to recover his attorney fees as damages. However, issues raised only in the reply brief are waived. (*Doe v. Roman Catholic Archbishop of Cashel & Emly* (2009) 177 Cal.App.4th 209, 219, fn. 4.)

## 2. Settlement Covered Rent Owed by Mansouri

Mansouri also contends the trial court erred by awarding the full amount of Adabkhah's settlement payment as damages, because TSP alleged Adabkhah was liable for a greater period of unpaid rent than was proven at trial against Mansouri. However, the entire amount of the settlement payment was also credited to reduce TSP's judgment against Mansouri. Mansouri has provided no justification for reducing the amount owed to Adabkhah while accepting the full benefit of the settlement payment applied to the judgment against him.

## B. Denial of Motions for New Trial and To Vacate Judgment

Mansouri also contends the trial court erred by denying his motions for a new trial and to vacate the judgment as against Adabkhah based on the contentions discussed above. Because we affirm the trial court's rulings on those issues, we find no error in the denial of the motions for new trial and to vacate the judgment.

17

## DISPOSITION

The judgment and postjudgment orders are affirmed.  Respondents Town Square Properties and Siavash Adabkhah are awarded their costs on appeal.


KRIEGLER, J.


We concur:


MOSK, Acting P. J.


O'NEILL, J.*

---

* Judge of the Ventura County Superior Court assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.